1  Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
2  Robert L. Hyde, Esq. (SBN: 227183)
   bob@westcoastlitigation.com
3
   **Hyde & Swigart**
4  411 Camino Del Rio South, Suite 301
   San Diego, CA 92108-3551
5  Telephone:  (619) 233-7770
6  Facsimile:  (619) 297-1022
7
   Attorneys for the Plaintiff
8

FILED

09 DEC -1 PM 3:19

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

9
10
11
                **UNITED STATES DISTRICT COURT**
                **SOUTHERN DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| Teresa Andrade, <br><br> Plaintiff, <br><br> v. <br><br> Midpoint Resolution Group, LLC and Eastern Asset Management, LLC, <br><br> Defendants. | **Case Number:** <br><br> **Complaint For Damages** <br><br> **Jury Trial Demanded** <br><br> **'09 CV 2692 IEG CAB** |

                    **INTRODUCTION**

1.  The United States Congress has found abundant evidence of the use of
    abusive, deceptive, and unfair debt collection practices by many debt
    collectors, and has determined that abusive debt collection practices
    contribute to the number of personal bankruptcies, to marital instability, to the
    loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair
    Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter
    "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

_HYDE & SWIGART_
_San Diego, California_

ORIGINAL

1    to insure that those debt collectors who refrain from using abusive debt
2    collection practices are not competitively disadvantaged, and to promote
3    consistent State action to protect consumers against debt collection abuses.

4    2.    The California legislature has determined that the banking and credit system
5          and grantors of credit to consumers are dependent upon the collection of just
6          and owing debts and that unfair or deceptive collection practices undermine
7          the public confidence that is essential to the continued functioning of the
8          banking and credit system and sound extensions of credit to consumers. The
9          Legislature has further determined that there is a need to ensure that debt
10         collectors exercise this responsibility with fairness, honesty and due regard
11         for the debtor's rights and that debt collectors must be prohibited from
12         engaging in unfair or deceptive acts or practices.

13   3.    Teresa Andrade, (Plaintiff), through Plaintiff's attorneys, brings this action to
14         challenge the actions of Midpoint Resolution Group, LLC and Eastern Asset
15         Management, LLC, ("Defendants"), with regard to attempts by Defendants to
16         unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this
17         conduct caused Plaintiff damages.

18   4.    Plaintiff makes these allegations on information and belief, with the exception
19         of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which
20         Plaintiff alleges on personal knowledge.

21   5.    While many violations are described below with specificity, this Complaint
22         alleges violations of the statutes cited in their entirety.

23   6.    Unless otherwise stated, Plaintiff alleges that any violations by Defendants
24         were knowing and intentional, and that Defendants did not maintain
25         procedures reasonably adapted to avoid any such violation.

26                          **JURISDICTION AND VENUE**

27   7.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §
28         1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

HYDE & SWIGART
San Diego, California

8.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9.   Because Defendants do business within the State of California, personal jurisdiction is established.

10.   Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11.   Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

12.   Defendant Midpoint Resolution Group is located in the City of West Seneca, County of Erie, State of New York.

13.   Defendant Eastern Asset Management is located in the City of Buffalo, County of Erie, State of New York.

14.   Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.   Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

16.   Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

17.   Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined

1   by California Civil Code § 1788.2(b), is therefore a debt collector as that term
2   is defined by California Civil Code § 1788.2(c).

3   18.   This case involves money, property or their equivalent, due or owing or
4   alleged to be due or owing from a natural person by reason of a consumer
5   credit transaction.   As such, this action arises out of a consumer debt and
6   "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

8   19.   At all times relevant to this matter, Plaintiff was an individual residing within
9   the State of California.

10   20.   At all times relevant, Defendants conducted business within the State of
11   California.

12   21.   Sometime before June 27, 2007, Plaintiff is alleged to have incurred certain
13   financial obligations.

14   22.   These financial obligations were primarily for personal, family or household
15   purposes and are therefore a "debt" as that term is defined by 15 U.S.C.
16   §1692a(5).

17   23.   These alleged obligations were money, property, or their equivalent, which is
18   due or owing, or alleged to be due or owing, from a natural person to another
19   person and are therefore a "debt" as that term is defined by California Civil
20   Code §1788.2(d), and a "consumer debt" as that term is defined by California
21   Civil Code §1788.2(f).

22   24.   Sometime thereafter, but before June 27, 2007, Plaintiff allegedly fell behind
23   in the payments allegedly owed on the alleged debt.   Plaintiff currently takes
24   no position as to the validity of this alleged debt.

25   25.   Subsequently, but before June 27, 2007, the alleged debt was assigned,
26   placed, or otherwise transferred, to Defendant Midpoint Resolution Group for
27   collection.

28

**HYDE & SWIGART**
San Diego, California

26.  On or about June 27, 2007, Plaintiff settled the alleged debt with Defendant Midpoint Resolution Group.

27.  Subsequently, but before June 2009, Defendant Midpoint Resolution Group sold, assigned or otherwise transferred Plaintiff's debt, even though it had been settled, to Defendant Eastern Asset Management for collection.

28.  Through this conduct, Defendant Midpoint Resolution used a false, deceptive, or misleading representation or means in connection with the collection of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

29.  Through this conduct, Defendant Midpoint Resolution Group used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

30.  Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

31.  On or about June 2009, Plaintiff received a telephone call from Defendant Eastern Asset Management.  This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

32.  During this communication a representative of Defendant Eastern Asset Management left a message with Plaintiff's son saying he had a summons to give to the local Sheriff's Department for a warrant for Plaintiff's arrest.  This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, this action by Defendant Eastern Asset Management violated 15 U.S.C. §§ 1692e and 1692e (10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

**HYDE & SWIGART**
San Diego, California

33. Through this conduct, Defendant Eastern Asset Management communicated with a person other than the consumer for the purported purpose of acquiring location information and stated that the consumer owed a debt. Consequently, Defendant violated 15 U.S.C. § 1692b(2).

34. Because this action violated the language in 15 U.S.C. § 1692c(b), Defendant Eastern Asset Management also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692c(b).

35. Through this conduct, Defendant Eastern Asset Management represented or implied that nonpayment of any debt would result in the arrest or imprisonment of a person or the seizure, garnishment, attachment, or sale of property or wages of a person when such action was not lawful and Defendant Eastern Asset Management did not intend to take such action. Consequently, Defendant Eastern Asset Management violated 15 U.S.C. § 1692e(4).

36. Through this conduct, Defendant Eastern Asset Management threatened that nonpayment of the alleged debt might result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, when such action was not in fact contemplated by Defendant Eastern Asset Management or permitted by the law. Consequently, Defendant Eastern Asset Management violated Cal. Civ. Code § 1788.10(e).

37. Through this conduct, Defendant Eastern Asset Management threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

38. Through this conduct, Defendant Eastern Asset Management used a false representation or implication that a consumer committed a crime or used other conduct in order to disgrace the consumer. Consequently, Defendant Eastern Asset Management violated 15 U.S.C. § 1692e(7).

HYDE & SWIGART
San Diego, California

**HYDE & SWIGART**
San Diego, California

39. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

40. On or about July 9, 2009, "Howard Calvin," on behalf of Defendant Eastern Asset Management, called Plaintiff's home and spoke to Plaintiff's daughter Erica. Erica informed Howard Calvin that the debt had been settled.

41. Subsequently, on or about July 13, 2007, Plaintiff's daughter Erica, on behalf of Plaintiff, called Howard Calvin at Eastern Asset Management and told him Plaintiff disputed the debt, and to stop calling Plaintiff.

42. Subsequently, throughout July, August and September 2009, Defendant Eastern Asset Management continued to call Plaintiff approximately three times per week, despite being asked to stop calling.

43. Through this conduct, Defendant Eastern Asset Management, without the prior consent of the consumer given directly to the Defendant Eastern Asset Management or the express permission of a court of competent jurisdiction, communicated with the consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  Consequently, Defendant Eastern Asset Management violated 15 U.S.C. § 1692c(a)(1).

44. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

45. On or about August and September 2009, a representative of Defendant Eastern Asset Management called Plaintiff's home multiple times and told Plaintiff's husband he was from the Sheriff's Department and had a warrant for Plaintiff's arrest.

HYDE & SWIGART
San Diego, California

46. Through this conduct, Defendant Eastern Asset Management used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendant Eastern Asset Management violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

47. Through this conduct, Defendant Eastern Asset Management threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

48. Through this conduct, Defendant Eastern Asset Management used a false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof. Consequently, Defendant Eastern Asset Management violated 15 U.S.C. § 1692e(1).

49. Through this conduct, Defendant Eastern Asset Management placed a telephone call without meaningful disclosing of the caller's identity. Consequently, Defendant Eastern Asset Management violated 15 U.S.C. § 1692d(6).

50. Through this conduct, Defendant Eastern Asset Management used a false representation or implication that a consumer committed a crime or used other conduct in order to disgrace the consumer. Consequently, Defendant Eastern Asset Management violated 15 U.S.C. § 1692e(7).

51. Through this conduct, Defendant Eastern Asset Management represented or implied that nonpayment of any debt would result in the arrest or imprisonment of a person or the seizure, garnishment, attachment, or sale of property or wages of a person when such action was not lawful and Defendant Eastern Asset Management did not intend to take such action. Consequently, Defendant Eastern Asset Management violated 15 U.S.C. § 1692e(4).

52. Through this conduct, Defendant Eastern Asset Management threatened that nonpayment of the alleged debt might result in the arrest of Plaintiff or the

1   seizure, garnishment, attachment or sale of any property or the garnishment or

2   attachment of wages of the debtor, when such action was not in fact

3   contemplated by Defendant Eastern Asset Management or permitted by the

4   law.  Consequently, Defendant Eastern Asset Management violated Cal. Civ.

5   Code § 1788.10(e).

6   53.   Because this violated certain portions of the federal Fair Debt Collection

7   Practices Act as these portions are incorporated by reference in the Rosenthal

8   Fair Debt Collection Practices Act, through California Civil Code § 1788.17,

9   this conduct or omission violated Cal. Civ. Code § 1788.17.

10   54.   On or about September 28, 2009, a representative of Defendant Eastern Asset

11   Management called and told Plaintiff's husband she was going to be arrested.

12   55.   Through this conduct, Defendant Eastern Asset Management used false

13   representations or deceptive means to collect or attempt to collect a debt or to

14   obtain information concerning a consumer.  Consequently, Defendant Eastern

15   Asset Management violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

16   56.   Through this conduct, Defendant Eastern Asset Management threatened to

17   take action that cannot legally be taken or that is not intended to be taken.

18   Consequently, Defendant Eastern Asset Management violated 15 U.S.C. §

19   1692e(5).

20   57.   Through this conduct, Defendant Eastern Asset Management represented or

21   implied that nonpayment of any debt would result in the arrest or

22   imprisonment of a person or the seizure, garnishment, attachment, or sale of

23   property or wages of a person when such action was not lawful and Defendant

24   Eastern Asset Management did not intend to take such action.  Consequently,

25   Defendant Eastern Asset Management violated 15 U.S.C. § 1692e(4).

26   58.   Through this conduct, Defendant Eastern Asset Management threatened that

27   nonpayment of the alleged debt might result in the arrest of Plaintiff or the

28   seizure, garnishment, attachment or sale of any property or the garnishment or

**HYDE & SWIGART**
San Diego, California

1   attachment of wages of the debtor, when such action was not in fact

2   contemplated by Defendant Eastern Asset Management or permitted by the

3   law. Consequently, Defendant Eastern Asset Management violated Cal. Civ.

4   Code § 1788.10(e).

5   59.   Through this conduct, Defendant Eastern Asset Management used a false

6   representation or implication that a consumer committed a crime or used other

7   conduct in order to disgrace the consumer.  Consequently, Defendant Eastern

8   Asset Management violated 15 U.S.C. § 1692e(7).

9   60.   Because this violated certain portions of the federal Fair Debt Collection

10   Practices Act as these portions are incorporated by reference in the Rosenthal

11   Fair Debt Collection Practices Act, through California Civil Code § 1788.17,

12   this conduct or omission violated Cal. Civ. Code § 1788.17.

13   61.   Defendants' conduct caused Plaintiff actual damages including stress,

14   depression, fear of answering the telephone, negative impact on personal

15   relationships and fear of being arrested.

16   **COUNT I**

17   **AS TO**

18   **FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

19   **15 U.S.C. §§ 1692 ET SEQ.**

20   **AS TO ALL DEFENDANTS**

21   62.   Plaintiff repeats, re-alleges, and incorporates by reference, all other

22   paragraphs.

23   63.   The foregoing acts and omissions constitute numerous and multiple violations

24   of the FDCPA, including but not limited to each and every one of the above-

25   cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26   64.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to

27   any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

28   an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

**HYDE & SWIGART**
San Diego, California

1    reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

2    each defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

### CAL. CIV. CODE §§ 1788-1788.32

### AS TO ALL DEFENDANTS

65.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

66.  The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

67.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each defendant.

### COUNT III

### NEGLIGENCE

### AS TO DEFENDANT MIDPOINT RESOLUTION GROUP

68.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

69.  The actions and omissions of Defendant Midpoint Resolution Group were negligent.

70.  Plaintiff was harmed, and suffered injury as described above.

71.  The negligence of Defendant Midpoint Resolution Group was a substantial factor in causing Plaintiff this harm and injury.

HYDE & SWIGART
San Diego, California

## COUNT IV

### TORT IN SE

### AS TO ALL DEFENDANTS

72. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

73. Defendants violated a statutory duty to another and, consequently, is liable under the doctrine of Tort-In-Se.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Special, general, compensatory and punitive damages in an amount to be determined at trial.

HYDE & SWIGART
San Diego, California

74.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: _11/25/09_

Hyde & Swigart

By: _____
Joshua B. Swigart
Attorneys for Plaintiff

**HYDE & SWIGART**
San Diego, California

---

**Complaint**                     - 13 of 13 -

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| | |
|---|---|
| **I. (a) PLAINTIFFS**<br>Teresa Andrade | **DEFENDANTS**<br>Midpoint Resolution Group, LLC and Eastern Asset Management, LLC |
| **(b)** County of Residence of First Listed Plaintiff  San Diego<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.<br><br>09 DEC -1 PM 3:19<br>CLERK US DISTRICT COURT |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>Hyde & Swigart<br>411 Camino Del Rio South Suite 301, San Diego, CA 92108<br>619.233.7770 | Attorneys (If Known)<br>BY: DEPUTY<br><br>'09 CV 2692 IEG CAB |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq.

Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE  12/01/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  7795   AMOUNT  350.00   APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

MS  12/01/09

ORIGINAL

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS007795
Cashier ID: msweaney
Transaction Date: 12/01/2009
Payer Name: HYDE AND SWIGART
------------------------------------
CIVIL FILING FEE
 For: ANDRADE V MIDPOINT RESOLUTION
 Case/Party: D-CAS-3-09-CV-002692-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 3558
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.